PER CURIAM.
In this worker’s compensation case the employer/carrier challenge the deputy commissioner’s findings, arguing that they are not based on competent substantial evidence. We agree in part and reverse in part.
The deputy commissioner’s finding that claimant suffered a compensable industrial *12 accident on June 27, 1980, is supported by competent substantial evidence, but his finding that claimant was entitled to temporary partial disability payments up until and through the date of the final hearing, October 15, 1981, is not. The medical reports introduced and the claimant’s testimony show that claimant was released to return to work, able to return to work, and did return to work in August of 1980. The fact that his employment was subsequently terminated for reasons unrelated to his industrial injuries is immaterial, as is the fact that he was unable to find employment following his discharge.[1] There was no medical evidence that the claimant was partially disabled after August of 1980.[2] While the claimant testified that he continued to have pain as a result of his injury, he did not testify that this pain prevented him from working. The award of temporary partial disability benefits for the period after the claimant returned to work is reversed.[3]
In all other respects the deputy commissioner’s order is affirmed. Affirmed in part and reversed in part.
LARRY G. SMITH, JOANOS and THOMPSON, JJ., concur.

. The claimant testified that following his discharge he sought “light work.” It is clear, however, that for a number of years prior to his industrial accident, for reasons unrelated to the accident, he had been performing “light duty” for the employer. There is no indication in the record that the restrictions on his job search were caused by the accident.

. In fact, no medical evidence was introduced relating to the period of time between August 14, 1980, and the date of the final hearing, October 15, 1981.

.Cf. Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982), 7 FLW 1644 (opinion filed August 2, 1982), which allowed recovery (under Section 440.15(4), temporary partial disability) for temporary wage loss suffered by an employee after termination of temporary total disability, upon being medically discharged as able to work, during the period in which she was still recovering from her injury and conscientiously but unsuccessfully seeking employment.